# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANDRE M. PEARSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:08CV424 RWS ) |
| STEVE LARKINS, | ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. Having reviewed the case, the undersigned recommends that the petition be dismissed.

### Background

On November 12, 1999, petitioner shot and killed Albert Walker. On January 4, 2000, petitioner was indicted on one count of murder in the first degree and one count of armed criminal action. Resp. Exh. B at 8-9. On February 7, 2001, a jury convicted petitioner on both counts. Id. at 65-66.

Petitioner appealed, arguing that the trial court erred in precluding petitioner from introducing evidence that crack cocaine was found in the car in which Walker and the State's witnesses were riding at the time Walker was killed. Resp. Exh. C at 10. The Missouri Court of Appeals summarily affirmed. Resp. Exh. E. Petitioner did not file a motion to transfer to the Missouri Supreme Court. Am. Pet. at 3. The Missouri Court of Appeals issued its mandate on May 15, 2002. Resp. Exh. F.

Petitioner filed a pro se motion for post-conviction relief under Rule 29.15 on July 19, 2002. Resp. Exh. H at 1. The court appointed counsel, and counsel filed a superseding amended motion. Id. at 16-28. In the amended motion, petitioner argued that counsel was ineffective for failing to call Carlissa Harvey and Brandy Mickens as witnesses and that the State committed prosecutorial misconduct when it failed to disclose a deal between the State and one of its witnesses, Ladarrell Ford. Id. The court denied the motion after an evidentiary hearing, finding that petitioner had not met his burden of proof. Id. at 51-53.

Petitioner appealed, arguing that counsel was ineffective for failing to call Harvey and Mickens as witnesses. Resp. Exh. I at 6. The Missouri Court of Appeals, applying Strickland, found that petitioner had failed to meet his burden of proof on this claim. Resp. Exh. K at 3-4. The Missouri Court of Appeals issued its mandate on April 19, 2007. Resp. Exh. L.

Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 20, 2008. Petitioner is incarcerated at the Eastern Reception Diagnostic and Correctional Center.

## Grounds for Relief

1. The prosecutor violated <u>Brady</u> by withholding knowledge of a deal between the State and Ladarrell Ford.

2. Actual innocence.

3. The trial court erred in precluding petitioner from adducing evidence that 1.2 grams of crack cocaine was found in the victim's car.

4. Trial counsel was ineffective for failing to call Harvey and Mickens as witnesses.

## The Petition is Time-Barred

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The limitations period began to run on May 15, 2002, the date the Missouri Court of Appeals issued its mandate. Riddle v. Kemna, 523 F.3d 850, 856 (8th Cir. 2008). The limitations period ran for 65 days, until petitioner filed his motion for post-conviction relief on July 19, 2002. The period was tolled until April 19, 2007, when the Missouri Court of Appeals issued its mandate in the appeal from the denial of post-conviction relief. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006). The limitations period, therefore, expired 300 days later on February 13, 2008. Petitioner did not file his petition until March 20, 2008. As a result, the petition is barred by the limitations period, and petitioner is not entitled to habeas relief.

**Procedural Bar**

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the

state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. Id.

In ground one, petitioner argues that the prosecutor violated Brady by withholding knowledge of a deal between the State and Ladarrell Ford. Petitioner raised this claim in his Rule 29.15 motion, and the motion court granted petitioner an evidentiary hearing. Ford did not testify at the hearing. Petitioner did not raise this argument on appeal from the denial of post-conviction relief. Claims that are raised in post-conviction relief motions but are abandoned on appeal therefrom are defaulted. Sweet v. Delo, 125 F.3d 1144, 1150 (8th Cir. 1997). Petitioner claims he can show cause and prejudice because Ford did not give him an affidavit until December 2005. This claim is refuted, however, by the fact that petitioner was granted an opportunity to secure Ford's testimony during the evidentiary hearing but failed to do so. As a

result, ground one is procedurally barred, and petitioner is not entitled to relief on this claim.

**Standard**

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state

court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

**Discussion**

1. Ground One

In ground one, petitioner argues that the prosecutor violated Brady by withholding knowledge of a deal between the State and Ladarrell Ford. The motion court denied this claim because petitioner presented "no competent, credible evidence in support of this claim at the evidentiary hearing." Resp. Exh. H at 53. Petitioner bears the burden of proof in post-conviction relief proceedings, and he failed to meet it. The state court's decision is not contrary to or an unreasonable application of clearly established federal law. As a result, ground one is without merit.

2. Ground Two

In ground two, petitioner argues that he is actually innocent of the crimes. Petitioner says that Ford has recanted his testimony and there was no other evidence from which to convict him. Petitioner presents Ford's affidavit as newly discovered evidence. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera

v. Collins, 506 U.S. 390, 400 (1993). Petitioner's actual innocence claim is therefore non-cognizable. As a result, ground two is without merit.

   3.   Ground Three

In ground three, petitioner argues that the trial court erred in precluding him from adducing evidence that 1.2 grams of crack cocaine was found in the victim's car. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v McGuire, 502 U.S. 62, 67-68 (1991). This claim does not rise to the level of a constitutional violation. As a result, ground three is without merit.

   4.   Ground Four

In ground four, petitioner argues that trial counsel was ineffective for failing to call Harvey and Mickens as witnesses. Petitioner brought this claim on post-conviction relief. Petitioner had the opportunity to present these witnesses in his evidentiary hearing but failed to do so. The state courts denied this claim under Strickland because petitioner failed to demonstrate by a preponderance of the evidence either that counsel's actions were unreasonable or that he was prejudiced. The state court's decision was not contrary to or an unreasonable application of clearly established federal law. As a result, ground four is without merit.

## Conclusion

The petition is barred by the limitations period. In addition, the grounds in the petition are either procedurally barred or they lack merit. Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right. As a result, the undersigned recommends that the petition be dismissed and that no certificate of appealability be issued.

Accordingly,

**IT IS HEREBY RECOMMENDED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without further proceedings.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue. 28 U.S.C. § 2253.

The parties are advised that they have fourteen (14) days to file written objections to this Report and Recommendation. Fail to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 28th day of February, 2011

           /s/ Terry I. Adelman
    UNITED STATES MAGISTRATE JUDGE